Henry A. Hudson, J.
This is an application for leave to issue execution on a final judgment rendered in an action brought in the Supreme Court of Jefferson County such judgment having-been entered in the office of the County Clerk of Jefferson County on the 19th day of July, 1943 in favor of the plaintiff and against the defendants Harold J. Williams and Paul Burt. The application is made pursuant to sections 651 and 652 of the Civil Practice Act.
The affidavit of plaintiff submitted in support of the application states that the judgment was obtained; that no execution was issued ‘‘ by reason of the fact that he did not wish to work financial hardship on the defendants ”; “ that the defendants failed, neglected and omitted to satisfy the said judgment ”. No other explanation is given for the delay of nearly 12 years.
The defendant in his answering affidavit states that he was never served with the summons and complaint, that he had no knowledge that a judgment had been entered against him until he received a letter from plaintiff’s attorney on June 4, 1955 stating such fact; that the debt has been liquidated by the payment of $200 and the delivery of two refrigerators to plaintiff some 13 years ago and that he had never heard from plaintiff since that time until receipt by him of the afore-mentioned letter of plaintiff’s attorney.
*693 Section 651 of the Civil Practice Act provides that after the lapse of five years from the entry of a final judgment, execution can be issued “ Where an order is made by the court granting' leave to issue the execution.” However, since the judgment in the action is for a sum of money, the provisions of section 652 also apply, namely, “ Where the judgment is for a sum of money or directs the payment of a sum of money, leave shall not be granted except on proof, by affidavit, to the satisfaction of the court, that the judgment remains wholly or partly unsatisfied.” Nothing in the way of factual proof has been submitted other than plaintiff’s bare statements that said judgment remains wholly unsatisfied and that plaintiff did not seek to enforce judgment prior to the present application for the reason he did not wish to work financial hardship on defendants. In my opinion such statements are too meager to permit the court to come to any sound conclusion which would compel a defendant to take the costly and expensive procedure of moving to vacate a judgment which has lain dormant for nearly 12 years. (Van Decar Harmon Co. v. Stickles, 48 N. Y. S. 2d 251.)
The motion is, therefore, denied, with $10 costs, without prejudice to renew upon papers sufficient to justify relief.
Order accordingly.